[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16431
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00315-CR-26-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIEM YUSEF BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 2, 2011)

ON PETITION FOR REHEARING

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

The prior panel opinion, reported at – Fed. App'x – , is withdrawn and the

following opinion is substituted in its place. Karriem Yusef Butler appeals the consecutive sentences imposed following his conviction on two counts of using a communication facility to aid a conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. § 843(b).

I. Background

Butler and numerous others were charged in connection with a large-scale drug-distribution scheme. Butler was charged with conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. § 846 (Count 1), and three counts of using a telephone to facilitate that conspiracy, in violation of § 843 (Counts 51 through 53). At the time of his arrest on the federal charges, Butler was in state custody for drug offenses related to the federal charges.[1]

Butler pleaded guilty to two counts of using the telephone to facilitate the conspiracy (Counts 51 and 52). Under the terms of his plea agreement, Butler admitted that he used a telephone to facilitate the drug conspiracy. The plea agreement explained that the statutory maximum sentence under § 843 was four years' imprisonment.

At the change-of-plea hearing, Butler admitted that he had received two phone calls from co-conspirator Telly Petty asking him to get some cocaine and

---

[1] Butler was convicted in state court of possession of lidocaine, a violation of the Georgia Controlled Substance Act.

materials to cut the drugs. Butler had agreed to supply the cocaine and deliver it to Petty.

In determining the advisory sentencing range, the probation officer applied a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6),[2] with a 3-level reduction for acceptance of responsibility, for a total adjusted offense level of 25. As a career offender, Butler's criminal history category was VI, which yielded a guideline range of 110 to 137 months' imprisonment. But the consecutive statutory maximum sentences decreased this range to 96 months.

Butler objected to the amount of drugs attributed to him, argued that the offense level should have been 12 under § 4B1.1(b), and opposed consecutive sentences. He also argued that he was a minor or minimal participant. The district court rejected his arguments, adopted the presentence investigation report, and sentenced Butler to 48 months' imprisonment on Count 51 and a consecutive 44-month term of imprisonment on Count 52. The court varied downward slightly from the statutory maximum to avoid a sentencing disparity with one of Butler's codefendants. Butler now appeals.

Butler raises several arguments regarding the reasonableness of his

---

[2] The base offense level did not include any of the lidocaine for which Butler had been arrested on state charges.

3

sentences. First, he argues that the district court committed constitutional *Booker*[3] error when it enhanced his sentence based on facts not found be thy jury nor admitted by him. Second, he argues that the district court procedurally erred by (a) calculating his base offense level as 28 after the court made factual findings about the specific drug quantity, (b) imposing consecutive sentences, and (c) denying a reduction for being a minor or minimal participant under U.S.S.G. § 3B1.2. Third Butler argues that his sentence was substantively unreasonable. We address each in turn.

II. Discussion

We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007).

A. Constitutional error

Under *Booker*, there are two types of error that a district court might commit in sentencing a defendant: constitutional and statutory. *United States v. Lee*, 427 F.3d 881, 891 (11th Cir. 2005). A constitutional *Booker* error under the Sixth Amendment "occurs when extra-verdict enhancements are used to reach a result under [the Guidelines] that is binding on the sentencing judge." *Id.* A statutory

---

[3] *United States v. Booker*, 543 U.S. 200 (2005).

4

*Booker* error "consists in sentencing a defendant under the Guidelines as if they were mandatory and not advisory, even in the absence of a Sixth Amendment violation." *Id.*

When the defendant successfully preserves the issue, we review the *Booker* claim under a harmless error standard. *United States v. Mathenia*, 409 F.3d 1289, 1291-92 (11th Cir. 2005). A constitutional *Booker* error is harmless if the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence. *Id.* A statutory error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect." *Id.* (quotation marks omitted).

The district court in this case did not commit either a constitutional or statutory *Booker* error. Although the court considered, as relevant conduct, the amount of drugs involved in the underlying conspiracy, Butler's sentence was driven by the statutory maximum sentence and not the guideline range. Moreover, the court expressly stated that the guideline were advisory. Thus, we conclude that there is no merit to Butler's claim of *Booker* error.

B. Procedural reasonableness

Butler's sentence is otherwise procedurally unreasonable if the district court failed to calculate (or improperly calculated) the guidelines range, treated the

5

guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence—including an explanation for any deviation from the guidelines range. *See id.* at 51. We review a district court's factual findings related to the imposition of a sentence for clear error. *See United States v. Villarreal*, 613 F.3d 1344, 1357-58 (11th Cir. 2010) (quotation marks omitted). "A district court's factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1358.

### 1. Drug quantity

The district court may consider all relevant conduct in calculating a defendant's offense level. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct includes conduct for which the defendant was acquitted, *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005), conduct that is the basis for counts dismissed pursuant to a plea agreement, *United States v. Alston*, 895 F.2d 1362,1371-72 (11th Cir. 1990), and uncharged criminal conduct that occurred outside the statute-of-limitations period, *United States v. Scroggins*, 880 F.2d 1204, 1214 (11th Cir. 1989). The court may determine the sentence based on judicial fact-finding of relevant conduct provided that the court's findings

are by a preponderance of the evidence and the court recognizes that the guidelines are advisory. *United States v. Dean*, 487 F.3d 840, 854 (11th Cir. 2007). Furthermore, "the district court may base sentencing determinations on reliable hearsay." *United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005). Credibility determinations are the province of the district court. *Villarreal*, 613 F.3d at 1358.

Here, the district court properly determined the drug quantity attributable to Butler based on a preponderance of the evidence. Petty testified at sentencing that Butler had assisted him with repackaging two kilograms of cocaine. Moreover, although Butler pleaded guilty to only two counts of using the telephone to facilitate a drug conspiracy, there was evidence to connect him with the distribution of at least two kilograms of cocaine.

2. Consecutive sentences

Butler argues that the district court erroneously treated the guidelines as mandatory when it imposed consecutive sentences under § 5G1.2(d). We disagree. Section 5G1.2(d) provides,

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). The court properly determined the base offense level to be 28, which yielded an advisory guideline range of 110 to 137 months' imprisonment. Because the statutory maximum under § 843 was 48 months' imprisonment for each count, the guideline range became the statutory maximum sentence. But the statutory maximum was significantly less than the calculated advisory guidelines range. Therefore, the imposition of consecutive sentences was consistent with the dictates of § 5G1.2(d) to produce a sentence equal to the total punishment as determined by the guideline calculations. The district court did not impose consecutive sentences because it believed them to be mandatory; rather, the court did so because consecutive sentences were consistent with the terms of § 5G1.2.

### 3. Role reduction

A defendant may receive a two-level reduction in his offense level if he was a minimal or minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minimal participant if his is plainly among the least culpable of those involved in the conduct of the group. U.S.S.G. § 3B1.2 comment. (n.4). A defendant is a minor participant if he is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2 comment. (n.5). The defendant has the burden of establishing his role in the offense by a

8

preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (*en banc*).

The determination whether to apply a role reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). "Two principles guide the district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). When the relevant conduct attributed to a defendant is the same as his actual conduct, "he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *Id.* Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." *De Varon*, 175 F.3d at 944.

In this case, Butler's relevant conduct matched his actual conduct; he was held responsible for two kilograms of cocaine and not for any larger role in the conspiracy. Butler has not shown that he was entitled to a role reduction.

B. Substantive reasonableness

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We will not vacate a sentence as unreasonable unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). The party challenging the sentence has the burden of establishing unreasonableness in light of the record and the § 3553(a) factors. *United States v. Thomas*, 446 F.3d

10

1348, 1351 (11th Cir. 2006).

In this case, the district court stated that it had considered the advisory guideline range, the parties's arguments, and the sentencing factors in § 3553(a). The court specifically noted that Butler's conduct was similar to that of one of his codefendants and that he should be sentenced accordingly. On these facts, we cannot say that the district court imposed an unreasonable sentence.

For the foregoing reasons, we conclude Butler's sentences were procedurally and substantively reasonable.

**AFFIRMED.**